UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHARIKA M. FLOWERS,

     Petitioner,

v.

                                     CASE NO. 6:08-cv-1051-Orl-19KRS
                                          (6:06-cr-125-Orl-19KRS)

UNITED STATES OF AMERICA,

     Respondent.

_____

**<u>ORDER</u>**

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28

U.S.C. § 2255 (Doc. No. 3) filed by Sharika M. Flowers.  The Government filed a response (Doc.

No. 8) to the section 2255 motion in compliance with this Court's instructions and with the *Rules*

*Governing Section 2255 Proceedings for the United States District Courts*.  Petitioner did not file

a reply to the Government's response.

Petitioner alleges two claims for relief: (1) counsel rendered ineffective assistance by failing

to file motions regarding Petitioner's sentence and by failing to dispute the "charges and levels" of

her case; and (2) counsel rendered ineffective assistance by failing to file an appeal.  For the

following reasons, Petitioner's § 2255 motion is denied in part and an evidentiary hearing is ordered

as to claim two.

**I.**    *Procedural History*

Petitioner was charged by a second superceding indictment with one count of unlawful use

of a communications facility in violation of  21 U.S.C. § 843(b) (Criminal Case No. 6:06-cr-125-

Orl-19KRS, Doc. No. 1344, filed March 8, 2007).[1]  On March 8, 2007, pursuant to a written plea

agreement (Criminal Case Doc. No. 1353), Petitioner entered a plea of guilty before Magistrate

Judge Karla R. Spaulding. *See* Criminal Case Doc. No. 1354.   Magistrate Judge Spaulding entered

a Report and Recommendation, recommending that the guilty plea be accepted and that Petitioner

be adjudicated guilty. *Id*. at Doc. No. 1357.  This Court accepted the plea and adjudicated Petitioner

guilty as charged. *Id*. at Doc. No. 1363.  A sentencing hearing was conducted, and on July 25, 2007,

the Court entered a Judgment, sentencing Petitioner to a forty-eight month term of imprisonment to

be followed by a one-year term of supervised release (Criminal Case Doc. No. 1537).

Petitioner did not appeal her conviction or sentence.

## II.    *Analysis*

### A.    **Claim One**

Petitioner asserts that counsel rendered ineffective assistance by failing to file motions

regarding her sentence and by failing to dispute the "charges and levels" of her case.  (Doc. No. 3

at 4.)  Petitioner maintains that had counsel filed the motions, her sentence may have been reduced.

Pursuant to the sentence-appeal waiver provision of the plea agreement, Petitioner agreed

that

> this Court has jurisdiction and authority to impose any sentence up to the statutory
> maximum and expressly waives the right to appeal [her] sentence *or to challenge it
> collaterally on any ground*, including the ground that the Court erred in determining
> the applicable guidelines range pursuant to the United States Sentencing Guidelines,
> except (a) the ground that the sentence exceeds [her] applicable guidelines range <u>as
> determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the
> ground that the sentence exceeds that statutory maximum penalty; or (c) the ground
> that the sentence violates the Eighth Amendment to the Constitution; provided,
> however, that if the government exercises its right to appeal the sentence imposed, as

---

[1]Criminal Case No. 6:06-cr-125-Orl-19KRS will be referred to as "Criminal Case."

authorized by Title 18, United States Code, Section 3742(b), then [Petitioner] is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

Criminal Case Doc. No. 1353 at 12 (emphasis added). At the plea hearing, Petitioner indicated that she had read the plea agreement and discussed the agreement with her attorney. *See* Criminal Case Doc. No. 1696. The Court specifically advised Petitioner that she was giving up her right to collaterally challenge her sentence by asserting a claim of ineffective assistance of counsel, and Petitioner responded that she understood. *Id.* at 21-23.

In *Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005), the Eleventh Circuit Court of Appeals determined that a valid sentence-appeal waiver, entered into voluntarily and knowingly pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel. *Id.* at 1342. In the instant case, the Court concludes that the waiver was entered knowingly and voluntarily. As set forth above, the Court addressed the waiver provision during the change of plea hearing, and Petitioner indicated that she had read the provision and understood it. The record, therefore, demonstrates that Petitioner understood the significance of her waiver of collateral relief. *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001) ("To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver."); *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993) ("[F]or a sentence appeal waiver to be knowing and voluntary, the district court must have engaged the defendant about the sentence appeal waiver during the Rule 11 hearing."). Therefore, claim one is barred from review by this Court pursuant to the waiver provision of the plea agreement.

**B.     Claim Two**

Petitioner asserts that counsel rendered ineffective assistance by failing to file an appeal. Specifically, she maintains that she requested her attorney to file an appeal and he refused to do so.

In *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), the United States Supreme Court determined that the ineffective assistance of counsel test in *Strickland v. Washington*, 466 U.S. 668 (1984),[2] applies to claims that counsel was constitutionally ineffective for failing to file a notice of appeal. The *Roe* Court also recognized the long-established rule that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id*. at 477 (citations omitted). The case law is clear that such an omission would be prejudicial to Petitioner, even absent a showing of any viable grounds for appeal. *Martin v. United States*, 81 F.3d 1083, 1084 (11th Cir. 1996) ("[A] defendant is prejudiced where his attorney fails to file an appeal after being requested to do so, even after the defendant pled guilty. In this situation, the defendant is entitled to an out-of-time-appeal, even without showing whether or not there are any viable grounds for such an appeal.").

In cases where the defendant has not conveyed her wishes one way or another regarding the filing of a notice of appeal, the *Roe* Court held as follows:

> [C]ounsel has a constitutionally-imposed *duty to consult* with the defendant about an appeal when there is reason to think either (1) that a *rational defendant would*

---

[2]The United States Supreme Court in *Strickland* established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

*want to appeal* (for example, because there are nonfrivolous grounds for appeal), or (2) that *this particular defendant reasonably demonstrated to counsel that he was interested in appealing*.

*Id*. at 480 (emphasis added). "In making this determination, courts must take into account all the information counsel knew or should have known." *Id*. (citation omitted). A highly relevant factor will be whether the conviction was the result of a guilty plea, because a guilty plea reduces the scope of appealable issues and may indicate that the defendant seeks an end to judicial proceedings. *Id*. at 480. Even in cases when the defendant pleads guilty, the Court must consider whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. *Id*. at 480.

As to prejudice, the United States Supreme Court held that "to show prejudice, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, *he would have timely appealed*." *Id*. at 484 (emphasis added). The "would have appealed" standard considers all of the circumstances, including whether there were non-frivolous grounds for appeal and whether the defendant in question promptly expressed a desire to appeal. *Id*. at 485.

In the present case, Petitioner alleges that she told her trial counsel to file an appeal, but counsel failed to do so. The Government concedes that a question of fact exists as to whether Petitioner told her counsel to file an appeal, and if not, whether counsel satisfied his duty to consult with Petitioner regarding the filing of an appeal. Consequently, an evidentiary hearing must be held to determine whether Petitioner has met the standard set forth in *Roe* entitling her to an out-of-time appeal.

Accordingly, it is **ORDERED** as follows:

1.        Claim one is denied pursuant to the sentence-appeal waiver provision.

2.        The Court will hold an evidentiary hearing with regard to claim two raised in the § 2255 motion, that Petitioner received ineffective assistance of counsel because counsel failed to file a notice of appeal after Petitioner requested that he do so.  The hearing is scheduled before the undersigned for **May 20, 2009**, at 2:00 p.m., at U.S. Courthouse, 401 West Central Blvd., Courtroom 3B, Orlando, Florida 32801.  Petitioner must be present for this hearing.

3.        The United States Magistrate Judge is directed to appoint counsel on behalf of Petitioner.

4.        **On or before April 22**, **2009,** Petitioner shall file a statement entitled "Pretrial Narrative Statement."  The Pretrial Narrative Statement shall contain:

(a)        A brief general statement of the case.

(b)        A narrative written statement of the facts that will be offered by oral or documentary evidence at the evidentiary hearing.

(c)        A list of all exhibits to be offered into evidence at the evidentiary hearing.

(d)        A list of the full names and addresses of places of employment for all the witnesses that Petitioner intends to call.

(e)        A summary of the anticipated testimony of <u>each</u> witness named in (d).

5.        **On or before May 6, 2009**, the Government shall file a "Pretrial Narrative Statement," entitled as such.  The Pretrial Narrative Statement shall comply with paragraphs 4(a) through (e) above.

**DONE AND ORDERED** at Orlando,Florida, this __12th___ day of March, 2009.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sc 3/12
Sharika M. Flowers
Counsel of Record
United States Magistrate Judge Karla Spaulding